ATTACHMENT

UNITES STATES DISTRICT COURT

For the
Southern District of California

Eduardo Flores 1128 Lemon Av.
El, Cajon Ca, 92020
Tel: (619) 765 7426
Email: edfloliger@gmail.com


Sharp Grossmont Hospital et all.

5555 Grossmont Center Drive

La Mesa Ca 91944

COMPLAINT FOR CIVIL CASE

Around November 2016, - I went to La Mesa Police to Report a crime that Sharp Grossmont Hospital Commit a Crime malicious intent, they destroyed medical records EKG, and Cardiac Catheterization Procedure commit Fraud, Retention, and Concealment of medical Records. when I was referred to Grossmont Emergency ER, Room for further evaluation, on June 25, 2008, because I, was having a heart attack, "Marc Kobernick MD. Tampering with a diagnosis to appear more severe, to increase medical payments, to schemes, and intentionally deceive the Healthcare system. Or Insurance when they intend to perform unnecessary surgery for financial gain, do, an open-heart surgery "that I, refuse" and falsifying the medical Records, the medical file contained no operative notes, providing false information regarding the service they did, and destroy. EKG, a Cardiac Catheterization procedure, and modify legitimate ones, like nothing happened to cover up a Criminal Medical Malpractice case. Regardless of whether it was done to protect the Hospital, or the individual Doctor. It is a serious offense. It is crucial for healthcare. To know the truth.

And the Officer, at the front desk, told me that it was Civil. That I, must go to the Court, and present my Case so, I, never have the chance to file my complaint with the police. And explain the wrongdoing. "Now I have new evidence"

I, pursue to File a medical malpractice case on the San Diego Superior Court.

1

Eduardo Flores V. Sharp Grossmont Hospital

Flores V. Sharp Grossmont et al. Nov 14, 2016, Case N. 37-2016-00039735-CU-MM-CTL
Flores V. Peter M. Hoagland. MD, and Sand Diego Cardiac Center, et al.
October 24, 2017, Case N. 37- 2017- 00033989- CU - MM -CTL
Statement of Disqualification of Judge Joel R. Wohlfeil from the case. Dept. C- 73
"This Case is pending on the presiding Juge's office for peer review"
With respect to the court and judges, and lawyers they don't break the Law, and Court personal, Business office employees, and court clerks.
I will tell the truth so heal mi Gad.
First case: Flores V, Sharp Grossmont Hospital et al.
Case No. 37- 2016- 00039735 -CU -MM - CTL
On this case, the judge assigned to the case, Judge Timothy Taylor, depart C-72, the judge has personal bias with the case and misconduct.
Minute Order date 03/14/2017, Dept: C- 72- Event Type Exparte - to quash the subpoenas "the court having fully considered the arguments" of all parties, both written and oral, as well as the evidence presented, now rules as follows: The motion to quash service of deposition subpoenas is advanced to today and is granted. Judge Taylor misled the Court, I was outside the Court Room waiting to be announced, 5 or 10 minutes pass when, I presented in front of the judge "having stern strict voice" he asked me where I was, at that moment my brain shot down (my brain wasn't working properly I got lost, I got deeply confused and could present nothing, the judge was angry and, quashed the deposition subpoenas.) And dismiss the case. A Judge, who commits a legal error, with in addition clearly and convincing [lied] to the court, have a bade "faith, bias's abuse of authority, and dismiss the case. And I appealed to the Fourth Appellate Court. On October 31, 2018, the fourth District Court of Appeal remanded the trial Court decision to deny Mr. Flores the right to Amended.
But the Court of Appeal erred, granting the Motion Judgment on the pleadings, to quash the subpoenas the court specifically stated that the "Court heard extensive argument from both sides" in the minute order that both parties were present at the hearing on Sharp's exparte to application to quash the Subpoenas. That's not true. The clerk of the court wrote incorrectly the minute order. There was no court Reporter to "prove the contrary."
I tried to settle the case, and the defense refused to settle, and the Judge supported that decision I proceeded the case. On Mayo 3, 2019 Motion Hearing Roa #150 the clerk of the Court provided inaccurate hours on the Minutes Orthers, Proceedings they are inaccurate, and they are modifying. ROA? The Court was conducted at 8:30 Am. I was presenting my case to the Court, I got "emotional, ill" and I said this "I don't care about the money I want justice (I meant to say, I do care)? In that Motion Hearing Judge Taylor did it again he said with stern tone of voice, he told me stop, with his hand in the air, my brain lock, he said this to me.< I don't know what you're doing on this court Mr., Flores this is a civil Court there is no justice there is money, if you want justice go to Criminal Court I froze, I could defend myself, no word coming from my mouth. And then he said I 'm going to dismiss the case, it was the end of the court. These were not reported on the minute Order on August 30, 2019, officially the case was dismissed. The judge, have bias and

engaged in improper conduct. Not only that, but he also dismissed the case with prejudice. I was discriminator in court due to my mental illness, disability. (Brain injury)

Judge Taylor retired from this Court and my case was assigned to a different Judge:
Wendy M. Behan          Dept: C- 66
Amended Motion Hearing on 09/24/2024 time 9:30 Am. Dpt. SD- 66 Judge Wendy M Behan.
I request to the business office a Disability Accommodation Request Date 09/11/2024
I request ADA accommodation coordinator from the court to help me communicate with the court or be there pre to observe court proceedings and regulations, of the Hering.
That request was intentionally ignored, for the business office. I present the Oral argument, I got emotional ill, my brain lock, I forget the Rison way Aguas in court because of my disability, - related barrier "emotional illness", I need the ADA coordinator. ADA Helps individuals with disabilities navigate public services my case was dismiss.
A violation Request for accommodation under rule 1.100 of California Rules of Court.

Request for Court Reporter by party with fee waiver Date 08/14/2024 this request was ignored too. I File the request with plenty time see Attachments.
Minute Order Date: 09/20/2024 "The Court informs plaintiff it notes there is no ADA Request on file or request for court Reporter the Request File exist, this was intentional"
INT- 300 Request for Court interpreter (Civil) Date: 8/15/2024 this request was granted. For the business office, but on 09/24/2024, I request to use the Spanish interpreter only wend I need it. I get confused and I don't understand English either Spanish, the bias and prejudice of the Court don't permit me. That request was denied, the Court failed to provide Reasonable Accommodation to a qualified individual with disabilities, with permanent Brain damage, Emotional illness, due heart stroke A violation of the ADA Rule 1.100 Request for Accommodation by people with disabilities.
Zalazar V. Baskeball Assn's, 118F. 4th 533, 546 (2d Cir.2024). Prohibited discrimination under the ADA includes "not making reasonable accommodation to the known physical or mental limitations.
After the dismissal I request a new court date. Amended Motion Notice of intention to Move for New Hearing under (C.C.P. 664.5 (a)(2) that request was granted, because of a court backlog and scheduling. A xix-month delay court, date June 20, 2025, not Knowing the consequences of the delayed I accept the date. Now I have no way to appeal against the case.

Minute Order, Date: May:05, 2025 time:7:00 Am. Dept: C- 66 Judge Wendy M, Behan.
Hearing Type: Ex parte. Moving party:
The Courts' decline to take- action on any of plaintiff's filings after September 20, 2024. In addition, the court orders the Civil Business Office to reject any further filing's in this matter.
The Motion hearing set for June 20, 2025, is order of calendar.
The trial Court's Improperly disposed of the case and ignored all the irregularities of the past Court Proceedings and the Inferences fairness of the business office personal.
"It is error to sustain a demurrer where Plaintiff has stated a cause of action under any legal theory." (Von Batsch V. Am. Dist. Tel. Co., (1972) 7 Cal. 3d 94, 103 [101 Cal.745, 496 P. 2d 817];

3
Eduardo Flores V. Sharp Grossmont Hospital

Service Employees International Union V. Hollywood Park, Inc., 149 Cal. App .3d 757.) If there is any reasonable possibility that a plaintiff can state a good cause of action, it is error to deny leave to amend. (Okun V. Superior Court (1981) 29 Cal. 3d 442,460 [175 Cal. Rptr. 157, 629 P.2d 1369].) Taking the facts as true as provided in the complaint, Plaintiff pleaded with sufficient facts to survive a motion to demurrer.

The defense attorney present false statements to the court According to the evidence

Defendant, Sharp Grossmont Hospital's Opposition to Plaintiff's

Motion to vacate the Judgment

Hearing Date: September 20, 2025

Page seven, line 13, the Trial court no longer has jurisdiction of the case, because there is no longer a genuine and existing controversy. The Hospital committed fraud with the Records EKG, and cardiac Catheterization procedure and ECG, was not listed in the Medical Records Assessment Sheet June 25, 2008, and experienced Medical Malpractice Attorneys who specialize in defending hospital and doctors, that show their claims are contradicted by facts. Requirement for a case to be heard in Federal court Under Article III of the U.S, constitution. See La Mesa PD Officer Report, case no. 23027834 - Report no. 9804 - page 2 of 2

After listening to Flores explain his situation and reviewing the paperwork he provided, "it appeared as though he received an EKG, from Grossmont Hospital as he claimed," but they neglected to add it his medical record, "or otherwise destroyed the record". The Hospital actions created a new legal wrong that need's, to be addressed. See Attachment

Defense Attorney's (Mr. Higle), knowingly mislead the court, submit false motions Exparte communications with the intention to wing the case.

Oral argument for the hearing of 02/09/2021 Court of Appeal no.: D071993

The defense attorney's argument resembles a claim that the case is now moot, but this application is incorrect in the context of Froud.

Frank Higle: Thank you Justice Huffman Patrick on behalf of Sharp Grossmont Hospital.

That just demonstrated that he was inquiry notice so the only thing that save him that if he can prove tolling under '352 and there's no Fraud, there's no Concealment, there's no Retention of a freeing object' he keeps saying he has records, he keeps saying that he has facts, but he never shows them.

See Assessment Report ER room 06/ 25 / 2008, 15:26 – EKG – Marc Kobernick MD, MD Shown to Anny Coberly RN and Carmen Enriquez at 06 /25 /2008, 15:30.

On the same report Oral argument.

I'm not sure about the "accommodations" argument that the appellant has put forward, I' never heart that, I'm not Shure.

Accommodations, typically under the American with Disabilities Act (ADA), are standard practice. An Attorney cannot competently represent a client without understating the court's rules. The judicial bias it got to be considered a fundamental failure of due process.

(Tudor v. Whitehall Cent. Sch. Dist. 132 F. 4th 242)

Argued: January 29, 20025 – Decided: March 25, 2025

I filed a complaint with the medical board (CDPH). On June 28,2017 case# no. CA00541389 California Department of Public Health at the time of the complaint I didn't have a police Report to support my case, I, present evidence EKG, from Kaiser and ECG from Grossmont June 25, 2008, Emergency Department Assessment sheet. Page 3 of 6, Other Orders and Results 06/ 25/ 2008, 15:26 - EKG - Marc Kobernick MD. and another's medical records but, was Ignored for the Department of public Health (CDPH), a piece of evidence it can help medical experts understand the heart activity Miss. Donna Loza district manager San Diego district office, ignore my evidence that I, present. And only considering what Grossmont Hospital present to the (CDPH) and Candence Nagel District Administrator they refuse to investigate Grossmont, Medical Staff, from the beginning of the complaint. They colluded with the Hospital, now that I, have a police Report that proof that I, receive and EKG and June 25, 2008, and those Records were not added to my medical Report or Ader wise destroyed, now they're accused me, of harassment and other accusations, with the only purpose not to investigate. Miss Loza District Manager and Candence Nagel, who did everything to dismiss my complaint without clear justification and protect Grossmont Hospital. From the Fraud, tampering of Medical Records EKG, Cardiac Catheterization, procedures. And falsifying the Medical Records with the intent to misled, deceive. On the ER room on June 25, 2008. When I refuse to have open heart surgery.

I, warning the (CDPH) that they were no records that Grossmont Hospital Tampering with the original Records the EKG, and Cardiac Catheterization procedures and modified the final reports like nothing happened to cover up the crime, the (CDPH) Deliberately ignore Critical procedures EKG, and Cardiac Catheterization. The records Grossmont presented were not in accordance with the facts. And make no effort to know the truth. "If it's not documented, it didn't happen" indicating there are no official records of the event. Or cannot be verified as having happened, because there is no documentation to support it.
On April 22, 2023, email sent to me from the (CDPH) with a variety, of acquisition, they are not "true" in that email they said to me.
 As previously stated, CDPH followed all legally required procedures in investigating each of your complaints, and the San Diego District Office did not find any "statutory or regulatory violations" based on the allegations in your complaints? How you can achieve unfair outcome. The EKG, and ECG, and Cardiac Catheterization were not listed on the Assessment Report. 06 25, 2008. EKG, and the Cath, procedure was destroyed.
 See La Mesa PD Officer Report Case No. 23027834 Report No. 9804 Page 2 of 2 After listening to Flores explain his situation and reviewing the paperwork he provided, it appeared as though he received an EKG from Grossmont Hospital as he claimed, but they neglected to add it his medical record, or otherwise destroyed the records. California Regulations: Code of Regulations, Title 22, Section 72543 (also cited as 72543), mandates that Hospitals keep health records of discharged

patient minimum of seven years and the cardiac catheterization, the EKG were not included and the Assessment Sheet Report on. June 25, 2008. They were intentional, Concealed. CA. Penal Code 135 "destroying or concealing evidence," makes it a misdemeanor to intentionally destroy, erase, or conceal any document, record or other item with the intent to prevent evidence from being used in a trial, inquiry, or investigation. The (CDPH) "Deemed, Unfounded" determinate the complaint, to be false.
California Department of Public Health (CDPH) have ethical and professional duties to disclose exculpatory evidence (that favor the accused Grossmont Hospital), Donna Loza District Manager, Teresita Reyes Branch Chief, and Candence Nagel business administrator colluding with Grossmont Hospital, they are holding exculpatory evidence EKG, ST and T Wave abnormality consider lateral ischemia. The Abnormal ECG. From Grossmont ST and T wave abnormality, consider lateral ischemia. (Heart Attack). And this employee intentionally ignored it. Concerning situation, wend Electrocardiogram (ECG), reveals signs of trauma.
"Deemed Unfounded" means that the accusation has been officially judged to be without a factual basis or justification. Determinate to be false, or unsupported evidence.

The (CDPH), fail to consider important evidence, such as seeking "eyewitness".
I suggested "To interview the medical staff" that was in the ER Room on June 25, 2008, Marc Kobernick MD., Anny Coberly RN, Carmen Enriquez RN, the (Cath lab) nurse. who inserted the Catheter into the heart The Nurse who obtain the Assessment lab Specimen Troponin, 15: 47 06/25/2008, the male, Nurse person who did portable chest x- rays done bedside 15: 2 06/25/2008, they chose not to investigate.
All these people can testify there was, a Catheterization procedure done at the Hospital on June 25, 2008, because they were there at the time of the trauma.

Complain number 1 April 13, 2017, number CA00541389- Investigator: Kile, 38175 Or CA00775890 Category: Physical Environment.

Complaint number 2 - CA00776084 Category: Physical Environment.

Complaint number 3 -April 29, 2022, Appeal number CA00778210

"Intentionally, the complaint was dismissed based on false medical records and prolonged delays affecting the integrity and outcomes of the investigation".
I Appeal this decision on the year 2022. And they respond to me via email on March 13, 2023, whit a variety of accusations "they are not true" Miss Donna Loza District Manager, San Diego District Office, and Teresita Reyes Branch Chief, Inland Empire Region, makes an untrue accusation with the intent to "deceive" see Attachments Email March 13, 2023, it took me one year to respond this Email I, respond February 5, 2024. See Attachment email. The investigation was limited to the specific complaint and dost not represent the finding of full

Investigation of the facility. Miss, Fuentes? Opinion, (CDPH) Investigator. 04/26/2022 email Report.

April 29, 2022, Facility: Grossmont Hospital Complaint Number CA00778210 L&C was, not able to validate the complaint allegation through direct observation, interviews. And / or review of documents. In addition, no other unrelated violations of (regulations) were observed. On Aprill 22, 2023 email. As previously stated, CDPH followed all legally required procedures in investigating each of your complaints, and the San Diego District Office did not find any (Statutory or Regulatory) violation based on the allegations in your complaint.

The complaint was not fully Investigated by the (CDPH) there were insufficient records to supporter, never consider my evidence; the EKG, from Kaiser Permanent ST waive abnormality the EKG from Grossmont, ECG from Grossmont Hospital ST wave abnormality; consider lateral ischemia (This can be a serious finding and my indicate conditions like coronary artery disease, angina, or event an ongoing myocardial infarction "heart attack." They only consider the medical records Grossmont Precent; The representation was false. The information presented was not in accordance with the facts, it was inaccurate. Lack of documentation for omitted treatments spoilage of evidence the EKG was, there on the assessment sheet, Emergency Department, page 3 of 6, 06/25/2008 15:26 EKG - Orders, and Result Marc Kobernick MD. And the (CDPH) they ignore the procedure. If staff of the (CDPH) are colluding with the Hospital personnel potentially affecting the Integrity and outcomes of investigation. These are the reasons behind their lack of effort.

The only way they can know the truth is to question the medical staff that were in the ER. Room on June 25, 2008, "but they chose not to. They make no effort to Know the truth".

I submit a Complaint request to the office of Joel Anderson County Supervisor, and they forward to the District Attorney and the Office suggested to contact the Medical Bord, and I did,(CDPH) but they did nothing to investigate on the other way, they colluding with the Hospital, Candence Nagel, district administrator, Che suggested to me, to go on with my life that they were "no". EKG or Cardiac Catheterization don at the Hospital that I was confused with another Catheterization down in the past in 2003 they abuse and taking advantage of my mental disability on my first complaint in 2017 and from then they "stock with the same collusion" could indicate a cover up or attempt to protect those involve.

On January 22,2024, City of La Mesa Mayor, Marek Arapostathis, and Ray sweeney chief of Police on my Request we schedule a meeting to go over all the reports.

On March 11,2024 the chief Sweeny send a Letter to the
Medical Board of California
ATTN: Ms. Ronda Keufuss
2005 Evergreen Street suite 1200
Sacramento, CA 95815

The reason for my letter today is to ask the medical board to re-evaluate Mr. Flore's case, if possible, to assist him I am gaining some form of closure.
Respectfully.
Ray Sweeney
Chief of police
La Mesa Police Department
The Medical Board Ignore the request. I don't know anything about their Respond.
Sharp Grossmont Hospital Emergency Department Assessment Sheet June,25 2008
6- Pages, page- 3 of 3 - Other orders and Result 06/25/2008 15:26 - EKG - Marek Kobernick MD, MD - The evidence doesn't lie.
I can prove they Order EKG. Marc Kobernick MD, was performed at a hospital and they were showing to Anny Coberly RN and Carmen Enriques RN also I, have police report Case no. 23027834 Report no- 9804 Report date: 11/29/23 Report Officer LM124 - Barque Justing.
Marc, Kobernick, MD. Chief of the ER, Anny Coberly RN, Carmen Enriquez RN the nurse who did the saline lock, 15:34 other Assessment labs drawn at bedside, portable chest x ray don at bedside 15:47 Emergency, Department -assessment sheet June 25, 2008. Thise employees were at the "operation room" at Sharp Grossmont Hospital ER on June 25, 2008

I hired a private detective to find Defendant, Anny Coberly RN who is all over the medical records work for sharp Grossmont Hospital on ER room. The current residential address and contact information subject is also Known by the names Anny Chang, and Anny Hui Chang. email changang2@hotmail.com  phone   371- 3333 (residential line) 619 518 - 2769 (mobile -Verizon wireless) 619 713 - 2638 (Additional line)
I send email to mis, Coberly, (or Chang) and I have no respond from her I, called her house line and I left a message, (good afternoon mis, Coberly, my name is Eduardo Flores and I was under the care of Grossmont, did you work for Grossmont on the ER Department on 2008) and  never have no respond from her.
Defendant in the Emergency Department. Violate the law B&B code 350.5 (b). She was as an assistant for Dr. Kobernick in ER department 6. 25. 2008 in the respondents' facility under the responsibility of Dr. Marc Kobernick. 16. CCR. 1399. 530. (a) (4), (b) for the physician assistant of the doctor shall be deemed proof by the board and, the physician Coberly RN had to have consulted with Dr. Kobernick from the surgery 16.CCR - 1399.540. (d). The orders given on tasks performed by a physician assistant shall be considered the same as if they have been given and performed by the supervision of the physician. 16. CCR - 1399. 541. Physician assistant may act as a first or second assistant in surgery under the supervision of a supervising physician.16.CCR-1399. 541(i) (1), (2) My medical records were denied to me in the year 2011, 2012, 2014.

because my physical and mental disability a stroke, and Respiratory failure they impact the ability to represent me, couldn't find a lawyer to represent, me and court. So, I, represent myself, and I, was discriminator against my disability, the court never took into consideration my disability, they treated me like "seasoned" lawyer they don't understand the rules of court. And dismiss the Casse.

The trial Court of a lawsuit has an obligation to search for the true not only wend easy contes between two experienced lawyers, but also when the other party is a mental disabled person self-represented. The trial Court of a lawsuit is not a game where the spoil of victory goes to the clever, and technical regardless of the merits, but a method devised by a civilized society to settle peaceably and justly disputed between litigants. The rules of the contest are not an end in themselves. Simon V. City of San Francisco (1947) cal.App.2d.590,600, cited by Adams V. Murakami (1991) 54 cal. 3d 105, 120. I was discriminator based my disability to fully participate in government services, including proceedings, a Violation of the American with Disabilities Act (ADA), which mandate reasonable Accommodation under the American with Disabilities Act of 1990 (42 U.S. C.12101 ET SEQ.)
After my Civil Medical malpractice case was dismissed on June 20, 2025, I, proceed to file a criminal medical/ malpractice recently visited the District Attorney Office Downtown office to file a Criminal complaint against Grossmont Hospital et all. And I told them that I had new evidence, and they told me to go to the police first.

On Thursday 20, 2025, I went to La, Mesa Police to submit a Criminal medical / Malpractice Complain Report. Against Grossmont Hospital they cand referral to the District Attorney Office, but they tell me that my case is Civil.

On September 20, 2024, Motion Hearing on this court Hearing I, request ADA, Coordinator, that request was ignored by the business office they knew that I am experiencing difficult and stressful situation at court. "that was, intentional" crucial for me, a mental disabled person, and that date I, was present in court with the intention to settle the case, I, need the coordinator to help me present the case, or be there present in court to see the procedures of court, "because my mental disability under pressure my Brain locks" I, was presenting the Oral argument and I got emotional Illness, forgot to ask the court for a settlement.

"The Judicial bias from the Court", and my disability affect my case. And the Judge dismissed the case, I, request a court Reporter, that request was ignored, and Court Interpreter, I, request to use the Interpreter wend I, needed that request was denied.

A violation of the ADA Rule 1,100. Request for Accommodation by people with disability

I request another court Motion Hiring set for June 20, 2025, I was going to present emails from the defense attorney Frank Higle where he sed to me. - My dint Sharp Grossmont Hospital, "believes it has done nothing wrong and as such it is unwilling to pai any settlement money and this matter Patrick. "They commit a crime", they are tampering with the Medical records EKG and Cardiac Catheterization procedures, and they don't want to take responsibility. Its beneficial removing or penalization dangers Individuals from Society Can, Increase the safety and wellbeing of the Community.
Minute Order. Date: 05/29/2025 Time: 7:00 Am. Dept: 66, The Motion hearing set for June 20, 2025, is order of Calendar. The Court declines to take, action on any of plaintiff's filings after

September 20, 2024. In addition, the court orders the Civil Business Office to Reject any further filings in this Matter.

As this Court previously reasoned in its order, there are "strong policies favoring liberal amendment of pleadings, disposition of cases on their substantial merits, and resolution of all disputed matters between the parties. (Citing to Douglas v. Superior Court (1989) 215 cal. App. 3d 155,158...[ "it is a rare case in which 'a court will be justified in refusing a party leave to amend its pleadings so he may properly present his case'"].)   C. Trial Court's Abuse of Discretion & Right to Amend

The trial Court has caused an injustice to Plaintiff by taking away his opportunity to amend his complaint. Plaintiff should be afforded the ability to plead his case one more time because he sufficiently demonstrated with his Motions complaint that there is a cause of action against Defendant's.

"Grossmont Hospital have managed to commit more crimes, the group, engaging in ongoing Criminal behavior without facing the legal consequences of their actions, are getting away with the perfect crime. La Mesa Police Cal for Service Detail Report- CFS -178 Detective Wulfing Scott I went to Grossmont Hospital and spoke with Elizabeth Gaudette and Barbara Lewis in the records department both advised Mr. Flores had signed release forms to obtain his medical records and all medical records were given to Mr. flares. Both advised "Mr. Flores did not have a Catheterization procedure nor a, EKG at the hospital" I was advised the Medical Bord initiated an investigation, and the issue was "deemed unfounded".

Defendants Elizabeth Gaudette and Barbara Lewis in the record department lie. To the police. And seven years later they are continuing tampering with the records EKG and Cardiac catheterization not only that. They confirm the collusion with the CDPH they, advise detective, Wulfing information that the accusation was "unfounded" they are tampering, ignored intentional the EKG the ECG were not listed in the Emergency Assessment sheet on June 25, 2008. To coverup the crime the evidence doesn't lie. See Attachments.

Resulting damages, suffered a harm. Stroke, and respiratory failure, seven, surgery's four surgeries, on my head and chant implant, on my head, two on my neck one, and on the stomach". I spend two months in Intense care, connected to wires fighting to Stay alive.

Economic Damage, Medical bills, loss wages, and future medical bills, including pain and suffering, emotional distress, disfigurement and Brain Damage.

Deposition Subpoenas 3/17/2017
 Barbara Lewis, Manager of Records department, and Elizabet Gaudete Supervisor they refuse to provide the Medial Records on November 11, 2016
EKG, and Cardiac Catheterization procedures from June 25, 2008, instead they call security on mi, and they told me to live scored me all the way to the parking lot, Into my car.

They "Tampered' with the medical records (California, Penal Code Section 471.5),

See Attachments-Subpoenas, to Barbara Luis and Elizabet Gaudette, that I serve on the defendant but the defense Lawyer, submit a motion to quash the subpoenas and the court grand the motion,

and the employees they don't comply with subpoenas; They will prove. Documents that corroborate the alleged crime.

The defendant actively hid information about the wrongdoing, tampering the records has actively concealed information about the EKG and Cardiac Catheterization, procedure from June 25, 2008. Emergence Department and modify the medical records.

Defendant Marc Kobernick MD, staff leader chip in an Emergency room (ER), at Grossmont Hospital June 25, 2008, he orders an EKG and was shown to personal staff, Anny Coberly RN, at 15:26 - and Carmen Enriques RN, at 15:30. (completion not document) it shows an assessment that EKG was performed but never given to me. Those records were retained and made false statements (California Civil Code 1710.,)

Respondents must take responsibility for the damage their employees caused me; they committed fraud by improperly destroying medical records of my refused surgery in June 25,2008 EKG and catheterization report. 16.CCR-1399. 571. (a) (2) so this doesn't continue to happen with other people, and it is held responsible amongst its community 16'CCR - 1399. 571. (a) (6). Anny Coberly RN was, in Charge of doing the physical exams and makes diagnosis and assessments. there from; initiative review and services treatments EKG 42U.S.C. 12101(a) (5), (b) (1) (2012) Catheterization report (competition not documented) time 16:54 page 3 of 6. 16. CCR - 1399. 571. (a)(1)

On January 17, 2023, I went to la Mesa PD, and I request a Citizen Request to go to Sharp Grossmont Hospital and request medical records from June 25, 2008, EKG and Cardiac Catheterization Procedures and the operative notes.

See La Mesa Police Department. Seven years later, they did it again. They commit perjury. And misled lies to the police and say records don't exist wend they do. Obstruction of justice. Spoilation of Evidence EKG and Catheterization procedures.

Call for Service Detail Report-CFS-178-1/17/202311:17:04
Am: Detective, Wulfing, Scott Unit #104 LMPD - Reproom 05
 I, went to Grossmont Hospital and spoke with Elizabet Gaudete and Barbara Lewis
  In the records department, both advised Mr. Flores had signed relief, forms to obtain
  his medical records and all medical records were Given to Mr. Flores did not have.
 "A Catheterization procedure nor EKG" at the Hospital. Intentionally spoliation of evidence. A statement of facts that is not true suggested by one who does not believe it to be true, constitutes "deceit" [civ. Code 1710(1)]. In other words, a material and knowingly false representation can support one of the elements of Deceit. "Obstruction of Justice"
Of violation California Penal Code 135: this law makes it Illegal to deliberately destroy or conceal evidence that you know is about to be used in an investigation.

See, Request to investigate, Lying to the Police on prior Report CFS-178 -1/17/23
Second request to investigate laying to the police, on 7/31/25, quote - I would like to have a Copy from the Response from the Hospital.

11
Eduardo Flores V. Sharp Grossmont Hospital

"This request was not investigated."

La Mesa PD Officer Report case no. 23027834 Report no. 9804 Reporting Officer LM1240 - Bourque Justin Request date: 11/29/2023  8:02: 12: AM Page,1 of 2

Flores started in 2008; he went to Kaiser clinic in la Mesa. Kaiser perform an EKG due his Complaint of chest pain. The EKG reveled Flores was Having a heart attack. Kaiser Called for an ambulance to respond, and he was transporter to Grossmont Hospital Were, he was admitted into emergency room. Flores stated he was still awake, at this Point. The chest sensors were still attached to his chest from Kiser; Grossmont ER Perform an additional EKG or some form of test. Flores stated a camara was inserted Through a vein in his leg to view his heart. Flores stated he refused the surgery.

On page: 2 OF 2 same report Officer Bourque, "report, says this"
After listening to Flores explain his situation and reviewing the paperwork he provided It appears, as though he received an EKG from Grossmont Hospital as he claimed, but They neglected to add it his medical record. Or otherwise destroyed the record.
California penal code section 475.PC intentionally altering or creating a false medical record with the intent to defraud, is classified as a misdemeanor. However, depending on the circumstances, such actions can also be prosecuted under broader forgery laws, which can be charged as a felony. Altering or falsifying Medical Records.

On September 12, 2011, I was assaulted and Rob, while working and kicking multiple times on my head, case no: (5D239885) and sustain traumatic Brain injury (TBI) with secondary chronic subdural hematomas that evolved over the next few months need to be removed.
I went to Grossmont Hospital prior to the surgery and I, request the medical records from June 25, 2008, EKG and cardiac catheterization procedure and the years 2011,2012, 2013, I **did** receive all kinds of Records, but not the records EKG, and Cardiac Catheterization procedure from June 25, 2008. Because those records don't exist, they were destroyed.
Cal. Bus. & Prof. Code 2225.5 (a) (1) failure or refusal to comply with Request or Order for patient Records. A licensee who fails or refuses to comply with a request for medical Records of patient, that is accompanied by patient's writing authorization for release of Records to the Medical Board within 15 days of a Request with patient authorization. Failure to comply, without good cause results in a civil penalty of $1.000 for each day that the documents have not been produced, after 15th day, unless the licensee is unable to provide the documents writing this time for good cause.

Around November 2013, I find a Neurosurgery DR. Scott Leary MD, 7625 Mesa College Dr, suite 305 San Diego CA 92111 who, I give the authorization to perform the surgery, but I requested Dr, Leary to send me firs to a Cardiology Dr, he sends me to San Diego Cardiac Center Medical Groop 3131 Berger Avenue, San Diego CA 92123 for a pre-op operation consultation and I, was referral to Dr, Peter M Hoagland, MD. Around, January 2014, have the first consults, I told Dr, Hoagland that I have lost my father due to heart attack and that I have problems with mi heart in the past, that I went to Kaiser permanent Urgent Care 8080 parkway Dr, La Mesa CA. 91942 on June 25, 2008 because I, was having chest pain, they did EKG cardiogram they tell me that I, was having a heart attack they call 911 and transfer me via ambulance to, the near Hospital for further evaluation Sharp Grossmont Hospital 5555 Grossmont Center Dr, La Mesa CA 91942 were they

did and EKG and cardiac Catheterization procedure, and they wat to do an open-heart surgery, "But I refused the surgery, despite being advised by a medical professional, that was necessary. To request those medical records, Wend I refuse open heart surgery.

On February 28, 2014, Medical Report from Peter M, Hoagland MD, to Dr, Leary page, 1 of 4
HISTORY OF PRESENT ILLNESS:
DR: Hoagland Comments, the truth what happened in the ER Room June 25, 2008
He was Kaiser member five years ago, He, has having chest pain, He had a treadmill test, (EKG) "they thought" he was having a heart attack. He was sent to Grossmont, and they put wires on his chest. (EKG) he had an emergency Cath, "Catheterization," they said there was something wrong with the valves of his heart and there was talk of an open-heart operation.

On the same report page 1 of 4, DR, Hoagland Comment, "there is no definite history of heart attack. "Sharp Grossmont tampering, Destroyed, the Medical Records" Cal. Bus. & professional 2261. False representations. Knowingly making any certificate or other document direct or indirectly related to the practice of Medicine or podiatry, which falsely represents the existence or nonexistence of a state of facts, constitutes unprofessional conduct. Cal. Civic. Code 1710 (1) (2)

On page 3of 4, - DIACNOSTIC TEST DISCUSSION:
ER visit. Grossmont 2008, chest pain, abnormal ECG. 'They recommended transfer to Kaiser for Cath, (Catheterization) "that not true" the Catheterization, was done at Grossmont Hospital he, comment, "he left ama" means that individual left a healthcare facility against Medical Advice, not true. I refuse an open- heart surgery Gross negligence a clear Indifference for patient safety. Grossmont modifying the medical Records EKG, and Catheterization. They destroy the medical records and replace them with false records.
(See People V. Ibarra (2007) 156 C.A. 4TH 1174, 1186 67 C.R.3d871). - (See People V, Hood (1996)
California penal code 135 PC (Destroying or concealing Evidence)

On page 3 of 3 PLAN DISCUSSION:
I did not uncover any significant heart disease, His risk of a cardiac complication from neurosurgery is low, no further cardiology follow up is planned unless he gets worse.
Electronically signed by Peter M Hoagland, MD 04/25/201416:48:05.
A statement of fact that is not true suggested by one who does not believe it to be true Constitutes deceit [Civ. Code 1710 (1) (2)1. In other words, a material and knowingly false representation can support one element of deceit [See Block V. TOBIN 45 C.A. 3d 214.,119 C. al. Rptr. 288]. I relied on Dr. Hoagland opinion. There was no definitive history of heart attack from Grossmont Hospital No EKG. And Cardiac Catheterization from June 25, 2008

Gross negligence. Intentionally, Knowingly, recklessly committing an act that deviates from the standard of care, resulting in harm to a patient. The severity of the misconduct determines whether it escalates from a civil issue to a criminal one.

Defendants Dr: Hoagland failed to provide the accepted standard of care he ignores the EKG from Kaiser permanent, he Ignore the ECG, and EKG from Grossmont Hospital these records show a heart attack, "Tampering with the records and colluding with the Hospital".
Not only that he, misleading me, with the surgery by misrepresenting a diagnosis, "knowing that I was not going to survive the surgery" he was right, I sustain a Strock, and Respiratory Feiler a chant I implant on my head I, and tree mor surgeries, two on my neck one on my stomach spend 2 Months in intensive care (ICU) connected to wires firing to state alive.
The group engages in ongoing criminal behavior without facing the legal consequences of their action. "The perfect Crime with the surgery." Acting with Gross Negligent, a reckless disregard for the patient's safety Suggest a unique twist, perhaps implying that the crime itself or its concealment, involves medical records, or surgical procedures.

On June 09, 2014, I underwent Craniotomy surgery, not Knowing the fraud, concealment, and tampering of medical Records EKG, and cardiac catheterization procedure, that will prof that I was not a candidate for the surgery because of the surgery, I experienced Respiratory Arrest leaning to sustain a significant neurovascular accident, and stroke. And seven additional surgeries; Including shunt implant on my head I spent two months and intensive care, I was intubated for two months in the ICU. Connected to machines fainting to stay alive. I lost my memory the ability to speck the ability Wack as well; I last the sensation on ½ of my body I, spent 8 months in a wheelchair; Last the motion of time, for the past three years 2014, 2015, and 2016. I was in recuperation; I was relearning everything li a baby California Civil Code 1710 the basis for determining "the existence of fraud or deceit. Suggested as a fact that which is not true, by one who does not believe it to be true.

As the result of the wrong surgery, I sustained stroke, and Respiratory Feiler. Seventh surgeries four on my head, a shunt implant on my head, two on my neck one on my stomach; I spend two months an instance care (ICU) fighting to stay alive, sustain Brain damage.
I have suffered harm, including physical and mental injury. I am poor, I haven't worked for years I am retired now, living 1.000 SSA and 175.00 SSI check and 487, dollars of food stamp
I am a burden to the State of California for the Tampering, fraud, of medical records EKG and Cardiac Catheterization Procedures. I was denied access to Justice on the Civil Court.
I am a disabled person. The American with disabilities Act (hereinafter "ADA"), require that people with disabilities be afforded equal access to government buildings and services. 42 U.S.C.12101(b)(1) (2002) Is a fundamental right.
"Defendants have to be brought to justice for the Crime they Committed"

Plaintiffs have suffered wages loss, hospital and medical expenses, general damage, loss of earning capacity, other damage, (physical damage, disfigurement and brain damage.)
Plaintiff prays for Judgment for cost of suit, for such of relief as is fair, just, and equitable; and for compensatory damages the amount of 7,000,000.

The trial court grossly erred in this case and because I did not have proper accommodation for my disability I, was not able to bring the trial court error to light disable people should not be denied Justice due to disability. The trial court has an obligation to provide equal access to justice and in this case the court failed.

I Declare Under Penalty of Perjury Under the Laws of the State of California that the Foregoing is true and correct.     Title 18 U.S. Code Section 1001

Dated: 09 / 17 / 2025

Eduardo Flores